JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
TOKIKO YASUDA (SBN 257128)
tokiko@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorneys for Applicant,
Geo Holdings Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of ) | Case No: |
| ) | |
| ) | **EX PARTE APPLICATION FOR ORDER** |
| GEO HOLDINGS CORPORATION, ) | **PURSUANT TO 28 U.S.C. § 1782** |
| ) | **PERMITTING DISCOVERY FOR USE IN** |
| Applicant. ) | **FOREIGN PROCEEDING AND** |
| ) | **MEMORANDUM IN SUPPORT** |
| ) | |
| ) | |
| _____ ) | |

Applicant Geo Holdings Corporation ("Applicant"), a Japanese corporation, hereby applies to this Court ex parte for an order permitting discovery from YouTube LLC ("YouTube") and Google, LLC ("Google") (collectively as "Witnesses") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoenas attached to this application seek from Witnesses documents and information relating to certain YouTube and Google accounts through which certain anonymous statements which, under Japanese law, constitute defamation against Applicant and unlawful interference with Applicant's business were made.

This application is supported by the memorandum in support below, the declarations of Aiko Reynolds ("Reynolds Decl."), Ryutaro Ito ("Ito Decl."), and Hiroyuki Nakajima

-Page 1 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1  ("Nakajima Decl."). Nakajima is an attorney in Japan who represent Applicant in connection
2  with an anticipated lawsuit in Japan against those who made the unlawful statements,
3  providing his opinion to assist this Court in determining the scope of access logs reasonably
4  required to identify anonymous perpetrators by using access logs.

5  **I.     BACKGROUND**

6  Applicant[1] is a leading company in Japan's reuse market and has boasted the No.1
7  market share in the reuse market since 2009. Applicant engages in buying and selling of
8  videos, DVDs, CDs, games, and books and also manages its own stores as well. Applicant
9  also has been a publicly traded company listed on the First Section of the Tokyo Stock
10 Exchange since 2004[2]. Nakajima Decl. ¶ 4.

11 On or about Aug 17, 2023, certain statements concerning Applicant as described in
12 Exhibit A attached to Nakajima Decl. was posted by two YouTube users under the name of
13 "Zundamon Yamizukan[3]" (the "YouTube Account 1") and "Ashitanowadai[4]" (the "YouTube
14 Account 2") (collectively as the "YouTube Accounts") through a video uploaded on
15 www.youtube.com at https://www.youtube.com/watch?v=wrePklokK74 (the "Subject Video
16 1"), and https://www.youtube.com/watch?v=uDWhg_M2dYw (the "Subject Video 2"),
17 respectively (collectively as the "Subject Videos"). The Subject Videos were posted in
18 Japanese with offensive and false statements of fact about Applicant. *Id*. ¶ 5. The Subject
19 Video 1 falsely claims that the current representative director (referred to as the "new
20 president" in the Subject Video 1) of Applicant, in order to assume the position of
21 representative director at the time, he asked the directors if he could bribe them and was about
22 to give them 18 million and, in another occasion, the advisory accountant accepted the bribe.
23 Ito Decl. ¶ 4. The Subject Video 2 falsely claims that Yuzo Endo, the current representative
24 director of Applicant, is being cut off by the bank because of his friendship with the
25 underworld community. Contrary to such false claims, there are no such facts of bribery and

---

[1] https://www.geonet.co.jp/english/company/profile/; https://www.geonet.co.jp/english/business/
[2] https://www.jpx.co.jp/english/listing/co-search/index.html (under the company name "Geo Holdings Corporation")
[3] https://www.youtube.com/@zundamon_yamizukan
[4] https://www.youtube.com/@user-nw2ku3cj1v

-Page 2 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

connection with the underworld community. *Id.* ¶ 5. Furthermore, the Tokyo Stock Exchange has been working to improve its listing system to eliminate antisocial forces, etc., and Article 443 of the Securities Listing Regulations[5] in Japan states that: "A listed company shall not have relationships prescribed in the Enforcement Rules as those in which the listed company is involved with anti-social force." The same regulation also stipulates that "listed companies shall not have any relationship specified in the Enforcement Regulations as being involved in antisocial forces. Furthermore, Article 601, Paragraph 1, Item 19 of the same regulation[6] stipulates as delisting criteria for listed domestic companies: "Where it has become clear that a listed company has relationships prescribed in the Enforcement Rules as those in which the listed company is involved with anti-social forces, when the Exchange deems that such condition has considerably damaged shareholders and investors trust in the market." Nakajima Decl. ¶ 5.

      Being a publicly traded company listed on the Tokyo Stock Exchange since 2004, Applicant has complied with the above relevant securities regulations, which also shows that the statements made in the YouTube Videos concerning Applicant were not true, as it would be impossible to maintain the listing if the company had ties to the underworld or antisocial forces, or if the bank was likely to terminate the transaction for the said reason. Ito Decl. ¶ 4-5. Nakajima Decl. ¶ 5. In addition, since 2019, Applicant has been a member of the Security Protection Network[7], known as "SP Club" in Japan, a membership organization that aims for sound and continuous business expansion, which requires its members to pass an anti-social forces check, and obtain certification that it is not involved with anti-social forces. Ito Decl. ¶ 4-5. Nakajima Decl. ¶ 5

      According to Applicant's Japanese attorney, the YouTube Videos were posted for harassment purposes and constitute defamation and unlawful business interference under

---

[5] https://jpx-gr.info/rule/tosho_regu_201305070007001.html; https://www.jpx.co.jp/english/rules-participants/rules/regulations/tvdivq0000001vyt-att/listing_regs_20231010.pdf
[6] *Id.*
[7] https://info.sp-network.co.jp/

-Page 3 of 9-
**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Japanese law. Nakajima Decl. ¶ 5. Japan Civil Code Article 709[8]; Japan Penal Code Article 233[9].

The entire YouTube Videos are in Japanese and directed at Japanese individuals and a Japanese company. Applicant intends to bring a lawsuit in Japan against the person(s) associated with the YouTube Accounts as soon as the persons' identities have been ascertained through the discovery sought by this application. *Id.* ¶ 6.

In order to identify the person(s) who committed unlawful acts against Applicant through the YouTube Accounts, it is crucial for Applicant to obtain the information relating to the YouTube Accounts. *id.* ¶ 7.

## II. ARGUMENT

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must first demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May

---

[8] https://elaws.e-gov.go.jp/document?lawid=129AC0000000089; https://www.moj.go.jp/content/000056024.pdf

-Page 4 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

### B. Applicant's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.

#### 1. Witnesses From Whom Discovery Is Sought Are Located in This District.

YouTube[10] and Google[11] from whom the discovery requested in this application is sought, are located in San Bruno and Mountain View, California, respectively. Based on the Terms of Service[12] of YouTube, Google provides YouTube services as well. Therefore, Witnesses are within this Court's district. Nakajima Dec. ¶ 13.

#### 2. The Requested Discovery Is for Use in a Civil Court Proceeding in Japan.

The discovery requested in this application must be for "use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is sufficient that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Applicant intends to bring a lawsuit in Japan against the persons associated with the YouTube accounts in question as soon as the persons' identities have been ascertained through the discovery sought by this application. Nakajima Decl. ¶¶ 6-7. Thus, the requirement that the discovery be for use in a foreign proceeding is met.

---

[9] https://elaws.e-gov.go.jp/document?lawid=140AC0000000045;
https://www.cas.go.jp/jp/seisaku/hourei/data/PC.pdf
[10] https://www.youtube.com/t/contact_us?hl=en_GB; https://bizfileonline.sos.ca.gov/search/business (Company Name: YouTube LLC, Entity No. 200631510396)
[11] https://about.google/intl/en_us/locations/?region=north-america;
https://bizfileonline.sos.ca.gov/search/business (Company Name: Google LLC, Entity No. 201727810678)
[12]   https://www.youtube.com/t/terms

-Page 5 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

  **3.** **Applicant Is an Interested Parties under 28 U.S.C. § 1782, Who May Make This Application.**

  The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As plaintiff in the anticipated litigation in Japan, Applicant is clearly an interested person under 28 U.S.C. § 1782.

 **C.** **Applicant's Application Further Meets All of the Discretionary Factors under *Intel*.**

  **1.** **Any of Witnesses Is Not Participant in the Foreign Proceeding.**

  The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

  Any of Witnesses is not a participant in the prospective lawsuit in Japan. Nakajima Decl. at ¶ 13. Additionally, the documents that Applicant seeks are located in the United States and not in Japan. Thus, they are out of reach of the Japanese court's jurisdiction.

  **2.** **The Requested Information Is Crucial to Applicant Bringing Lawsuit in Japan and the Japanese Court Would Be Receptive to this Court's Assistance.**

  "A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

  In order to identify the persons who committed unlawful acts against Applicant through the YouTube Accounts for purposes of bring a lawsuit against them in Japanese court, it is crucial for Applicant to obtain the information relevant to the YouTube Accounts used by the

-Page 6 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1  perpetrators. Nakajima Decl. ¶ 7. Japanese law does not allow "John Doe defendant" in civil
2  litigation, and a plaintiff must state names and physical addresses of the all parties in the
3  complaint. Article 2 (1) of Rules of Civil Procedure (Rules of the Supreme Court of Japan No.
4  5 of 1996 ). Nakajima Decl. ¶ 15. Therefore, without first obtaining the information about the
5  YouTube Accounts, Applicant may not even start a litigation. *Id.*

6  In addition, the Japanese courts would be receptive to this court's assistance. In fact, the
7  Japanese courts have been receptive to the discovery assistance made by the U.S. courts.
8  *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953,
9  *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist.
10 LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

    **3.   Applicant's Discovery Request Is Not an Attempt to Circumvent Foreign
           Proof Restrictions or Policies.**

13 "A district court could consider whether the § 1782(a) request conceals an attempt to
14 circumvent foreign proof-gathering restrictions or other policies of a foreign country or the
15 United States." *Intel.* at 265.

16 Applicant is not aware of any restrictions imposed by or any policies under Japanese
17 law limiting the proof-gathering proceeding in the manner proposed and for the purposes
18 stated herein. Nakajima Decl. ¶ 14. In the past, courts have granted 28 U.S.C. § 1782
19 applications for the use in the proceedings in Japan, both civil and criminal, as well. *Marubeni*
20 *Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters*
21 *Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App.
22 LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R.
23 Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

    **4.   Applicant's Request Is Narrowly Tailored to Highly Relevant Information and
           Not Unduly Intrusive or Burdensome.**

26 "Unduly intrusive or burdensome requests may be rejected or trimmed."  *Intel.* at 265.
27 As shown in the proposed subpoenas to Witnesses attached to the proposed order
28 submitted with this application, the discovery requested by Applicant is narrowly tailored and

-Page 7 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1  limited to the discovery materials related to the Witnesses' accounts relating to the YouTube
2  Accounts through which the identities of the defendants to the anticipated Japanese lawsuit
3  could be ascertained and nothing further.

4  First, the proposed subpoena does not seek disclosure of the content of any
5  communications associated with the Witnesses' accounts subject to the proposed subpoenas.
6  *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013
7  WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et
8  seq).

9  Second, each of the proposed subpoenas only seeks names, telephone numbers and
10 addresses of the person(s) whose payment method is associated with each of the YouTube
11 Accounts.  It does not seek disclosure of credit card numbers, bank account numbers, or any
12 other sensitive information.  *In re Medical Corporation H&S*, Case No. 5:19-mc-80058-
13 VKD, N.D. Cal. May 15, 2019 (granted application seeking disclosure of name and address
14 of credit card holder registered on Google Account).

15 However, it is highly unlikely that the perpetrators have provided their true name and
16 address to Witnesses when they created an account with Witnesses to use their services.
17 Thus, the names and addresses Witnesses may have on file in connection with the Witnesses
18 accounts subject to the proposed subpoena, even if they are disclosed in response to the
19 proposed subpoena, would highly likely to be fictitious and would not help Applicant
20 identify the perpetrators.  In such case, an access log is the only available information that
21 could identify the perpetrators.  The access logs recorded at the time of the posting alone,
22 assuming it fortunately exists, may be incomplete or insufficient to identify the perpetrator.
23 *Id.*  In addition, in case that the perpetrator used special tools for anonymization such as Tor
24 (The Onion Router), the access log at the time of posting would not reveal sufficient
25 information for identifying. *Id*.   Nakajima Decl. ¶¶ 8-12.   It is neither unduly intrusive nor
26 burdensome to disclosure *all* access logs, in lieu of the log at the time of posting.
27 Furthermore, access logs contain no private information of the Witnesses' accounts subject to
28 the proposed subpoenas. Access logs only disclose time stamps (showing when the

-Page 8 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1  Witnesses' accounts holders accessed) and IP addresses. Any other private information (e.g.
2  information about what websites the holders may have accessed, what action they took, etc.)
3  is not disclosed.  To sufficiently identify the true perpetrator, it is crucial to obtain the
4  information highly likely to be true, which is name, address, email addresses, and/or
5  telephone numbers for verification purposes and the payment methods registered with the
6  Witnesses' accounts. The true perpetrators are highly likely to use and provide the true
7  information for such purposes as required to use the Witnesses' services.  *Id.*

8  Lastly, the First Amendment protection does not extend to the perpetrators using the
9  YouTube Accounts as they are likely located in Japan.  The entire YouTube Videos are in
10 Japanese and directed at Japanese individuals and a Japanese company, not at the United
11 States or anyone residing in the U.S. territory.  *ZURU, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d
12 697, 706 ("The First Amendment doesn't apply to foreign citizens outside U.S. territory").
13 Even if the perpetrators should be located in the U.S., the First Amendment "does not protect
14 tortious, defamatory, or libelous speech".  *In re Rule 45 Subpoenas Issued to Google LLC &*
15 *LinkedIn Corp.*, 337 F.R.D. 639, 646 (N.D. Cal. 2020)

16 **III.     CONCLUSION**

17 For the reasons stated above, Applicant respectfully requests that this Court grant this
18 application and permit that it issues the subpoenas to Witnesses attached to the proposed order
19 submitted with this application.

20 Dated: January 24, 2024                   Respectfully submitted,

21                                            MARSHALL SUZUKI LAW GROUP

23                                            By: /s/
24                                                 Junji Suzuki
                                                   Attorneys for Applicant,
25                                                 Geo Holdings Corporation

-Page 9 of 9-

**In re Ex Parte Application of Geo Holdings Corporation**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support