**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF GEO HOLDINGS CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No.  24-mc-80018-BLF <br><br> **ORDER GRANTING *EX PARTE* APPLICATION TO AUTHORIZE FOREIGN DISCOVERY** <br><br> [Re:  ECF No. 1] |

On January 26, 2024, Geo Holdings Corporation ("Applicant") filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting leave to obtain limited discovery from YouTube LLC ("YouTube") and Google, LLC ("Google") (collectively as "Witnesses") in connection with a potential legal action in Japan.  *See* ECF No. 1 ("App.").  For the reasons set forth below, the Court GRANTS the application.

## I.   BACKGROUND

The following facts are taken from Applicant's *ex parte* application.  *See* App.  Applicant is a leading company in Japan's reuse market.  *Id.* at 2.  Applicant engages in the buying and selling of videos, DVDs, CDs, games, and books and manages its own stores.  *Id.*  Applicant is a publicly traded company and has been listed on the First Section of the Tokyo Stock Exchange since 2004.  *Id.*; ECF No. 2 ("Nakajima Decl.") ¶ 4.

On or about August 17, 2023, certain statements concerning Applicant were posted by two YouTube users under the name of "Zundamon Yamizukan" (the "YouTube Account 1") and "Ashitanowadai" (the "YouTube Account 2") (collectively as the "YouTube Accounts") through videos uploaded to YouTube.  App. at 2; Nakajima Decl. ¶ 5.  According to Applicant's Japanese attorney, the YouTube Videos were posted for harassment purposes and constitute defamation and

unlawful business interference under Japanese law.  Nakajima Decl. ¶ 5; Japan Civil Code Article 7098; Japan Penal Code Article 233. The YouTube videos are in Japanese and directed at Japanese individuals and a Japanese company.  App. at 4.  Applicant intends to bring a lawsuit in Japan against the person(s) associated with the YouTube accounts as soon as the persons' identities have been ascertained through the discovery sought by this application.  Nakajima Decl. ¶ 6.  In order to identify said person(s), Applicant claims it is crucial for it to obtain the YouTube account information.  *Id.* ¶ 7.

## II.   LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *Intel*, 542 U.S. at 264.  Instead, a district court has discretion to authorize discovery under Section 1782.  *Id.* at 260-61.  In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2)

"the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.  In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

## III.   DISCUSSION

### A.   Statutory Requirements

Applicant's request satisfies the requirements of Section 1782.  First, the statute requires that the respondent be found in the district.  A business entity is "found" in the judicial district where it is incorporated or headquartered.  *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases).  YouTube is headquartered in San Bruno, California and Google is headquartered in Mountain View, California.  Nakajima Decl. ¶ 13.  Both are within this district, so this requirement is met.

Second, the discovery must be for use in a proceeding in a foreign tribunal.  For a

3

proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259.  A civil lawsuit in Japan is within reasonable contemplation because Applicant intends to bring a lawsuit in Japan against the persons associated with the YouTube accounts in question as soon as the persons' identities have been ascertained through the discovery sought by this application.  Nakajima Decl. ¶¶ 6-7.

Third, an application under Section 1782 must be brought by an "interested person."  A litigant in a foreign proceeding is an "interested person" for purposes of Section 1782.  *Intel*, 542 U.S. at 256-57.  Applicant, as a putative plaintiff, is an interested person.  App. at 6.

### B.   Discretionary *Intel* Factors

The discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting the application.

#### i.   Respondents are not participants in the foreign action.

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal.  *Intel*, 542 U.S. at 264.  "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."  *Id.*  Here, Google and YouTube will be nonparticipants in the civil action that will be initiated in Japan.  Nakajima Decl. ¶ 13.  This factor therefore weighs in favor of granting the application.

#### ii.   Japanese courts are receptive to U.S. judicial assistance.

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."  *Intel*, 542 U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought."  *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

The Court is not aware of any directive from Japan against the use of Section 1782 evidence.  *See In re Jt. Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at

1    *5 (N.D. Cal. Nov. 2, 2016) ("Absent this type of clear directive, however, a district court's ruling

2    should be informed by section 1782's overarching interest in 'providing equitable and efficacious

3    procedures for the benefit of tribunals and litigants involved in litigation and international

4    aspects.'" (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995))).  And

5    an attorney consulted by Applicant, who is licensed to practice law in Japan, is not aware of any

6    restrictions imposed by or any policies under Japanese law limiting the proof-gathering

7    proceeding in the manner proposed and for the purposes stated herein and in the Application.

8    Nakajima Decl. ¶¶ 1, 14.  This factor weighs in favor of granting discovery.

9            **iii.    There is no circumvention of foreign discovery procedures.**

10           The third factor asks a court to consider whether the applicant is aiming to circumvent the

11   foreign jurisdiction's proof-gathering restrictions.  *Intel*, 542 U.S. at 265.  This factor will weigh

12   in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent

13   foreign proof-gathering restrictions."  *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL

14   7146994, at *3 (N.D. Cal. Dec. 15, 2014).

15           Here, there is no reason to believe that Applicant is seeking to circumvent Japanese

16   evidence laws.  The attorney consulted by Applicant stated as much in his declaration.  Decl.

17   Nakajima ¶¶ 1, 14.  Absent any evidence to the contrary, this factor weighs in favor of granting

18   discovery.

19           **iv.    The request is not unduly burdensome or intrusive.**

20           The last *Intel* factor asks a court to consider whether the proposed discovery is overly

21   burdensome or intrusive.  542 U.S. at 265.  The discovery sought by Applicant is narrowly

22   tailored to seek only sufficient information to identify the YouTube accounts, and is not unduly

23   intrusive or burdensome, because Applicant is seeking the names, telephone numbers and

24   addresses of the person(s) whose payment method is associated with each of the YouTube

25   Accounts, and does not seek communications, credit card numbers, bank account numbers, or any

26   other sensitive information.  App. at 7-9; Nakajima Decl. ¶¶ 8-12; *see, e.g.*, *In re Frontier Co.,*

27   *Ltd.*, No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a § 1782

28   request to issue a subpoena for the name, address, email address, telephone number, and name and

United States District Court
Northern District of California

address on credit cards); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021).  To the extent Google or YouTube assert that any of the information sought by Applicant is burdensome or confidential or proprietary, they can bring a motion to quash, or the parties can enter a protective order.  *See, e.g.*, *In re Illumina Cambridge Ltd.*, No. 19-mc-80215- WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (offering similar options to Respondents).

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

Dated: March 12, 2024

_____
BETH LABSON FREEMAN
United States District Judge